UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEBI LITTLE,

    Plaintiff,

vs.                                                                    CASE NO.:

J & S INTERNATIONAL FOOD,
INC., A GEORGIA
CORPORATION,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DEBI LITTLE, by and through the undersigned attorney, sues the Defendant, J & S INTERNATIONAL FOOD, INC., a Georgia Corporation, and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff was an hourly paid employee working as a waitress at Defendant's property in Newton County, Georgia.

3. Plaintiff worked for Defendant from approximately 2008 to July 14, 2013.

4. Defendant, J & S INTERNATIONAL FOOD, INC., is a Georgia Corporation that operates and conducts business in Newton County, Georgia and is therefore, within the jurisdiction of this Court.

5. This action is brought under the FLSA to recover from Defendant overtime compensation, minimum wages, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

7. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

8. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

9. Included in such goods, materials and supplies were food and beverage products, plates, silverware, cutlery, restaurant equipment and supplies and other goods/materials which travelled in interstate commerce.

10.     Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

11.     Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendant as a result of daily credit card transactions which transacted business in interstate commerce.

## FLSA Violations

12.     At all times relevant to this action, Defendant failed to comply with the FLSA by failing to pay Plaintiff for all hours worked by her.

13.     During her employment with Defendant, Plaintiff was required to be at the restaurant no later than 10:30 A.M.

14.     However, Defendant would only pay Plaintiff starting at 11:00 A.M., even though she had already been working for at least thirty (30) minutes.

15.     Thus, Defendant has violated the FLSA by failing to pay Plaintiff for all hours worked, including both minimum wage and overtime hours.

16.     Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

17. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-16 above.

18. Plaintiff was entitled to be paid overtime compensation for overtime hours worked.

19. During her employment with Defendant, Plaintiff was not paid for all overtime hours worked as a result of Defendant's policy of not paying Plaintiff for at least thirty (30) minutes each day.

20. Defendant did not have a good faith basis for its decision to not pay Plaintiff for all hours worked.

21. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for all overtime hours worked, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

22. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

23. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, DEBI LITTLE, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable

attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

24. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-16 above.

25. Plaintiff was entitled to be paid the minimum wage for each hour worked during her employment with Defendant.

26. While Plaintiff worked for Defendant, Defendant failed to pay Plaintiff for all hours worked as described above.

27. Plaintiff has demanded proper compensation for these unpaid minimum wages via a demand letter, but Defendant has refused to compensate her for same.

28. As a result of Defendant's actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendant.

29. Defendant did not have a good faith basis for its decision to not pay Plaintiff for all hours worked.

30. Defendant willfully failed to pay Plaintiff the minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

31. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

32. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, DEBI LITTLE, demands judgment against Defendant for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 27TH day of November, 2013.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
Attorneys for Plaintiff